IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSÉ ALBERTO NARVÁEZ,                )
                                      )
            Petitioner,               )
                                      )
    v.                                )        Case No. 25-3175-JWL
                                      )
Warden, FCI-Florence,[1]              )
                                      )
            Respondent.               )
                                      )
_____)

# **MEMORANDUM AND ORDER**

Petitioner filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges the calculation and application of credits against his sentence. For the reasons set forth below, the Court **dismisses** the petition for failure to exhaust administrative remedies.

Petitioner, who was imprisoned within this judicial district at the time he filed the petition, is serving a 40-month sentence and has a projected release date of November 14, 2026 (and a conditional projected release date of June 17, 2026). In his petition, petitioner claims that the Bureau of Prisons (BOP) has failed to calculate and apply credits earned under the First Step Act (FSA) and has failed to conduct a review for his transfer to prerelease custody under the Second Chance Act (SCA). Respondent filed an answer to

---

[1] Because petitioner was transferred to a different facility after filing his petition, the Court has substituted his present custodian as the proper respondent.

the petition, but petitioner did not file a traverse or reply brief by the Court's ordered deadline of December 22, 2025.

The Court concludes that the petition is subject to dismissal because of a failure to exhaust. Petitioner was required to exhaust administrative remedies before seeking relief from this Court. *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) ("The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief . . . ."). Petitioner concedes in his petition that he has not exhausted his administrative remedies (a fact confirmed by evidence submitted by respondent). Petitioner argues, however, that exhaustion would be futile because the BOP has adopted a uniform policy and practice of denying earned credits and transfer to prerelease custody.

It is true that "[a] narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." *See id.* Petitioner has not shown such futility, however. *See Garner v. United States*, 2021 WL 3856618, at *2 (D. Kan. Aug. 30, 2021) (Lungstrum, J.) (futility exception applies only in extraordinary circumstances, and petitioner bears the burden to demonstrate futility of administrative review). He claims that "[t]he BOP's national policy forecloses credit application," and that there is a "systematic pattern of BOP's noncompliance with FSA mandates." Petitioner has not identified or provided evidence of any particular BOP policy, however; nor has he shown a pattern by the BOP of improperly calculating FSA credits.[2] *See id.* at *3 (rejecting similar

---

[2] Petitioner includes a case citation to support his statement that "[c]ourts in this district have excused exhaustion in identical FSA disputes," but the given Westlaw citation does not refer to any case with the given case name, and a search does not reveal any case Continued…

argument for futility) (citing, *inter alia*, *Garza*, 596 F.3d at 1204); *Roe v. Warden, FCI-Leavenworth*, 2025 WL 3652934, at *1 (D. Kan. Dec. 17, 2025) (Lungstrum, J.) (rejecting the same argument).

Petitioner's challenge to the specific calculation and application of his credits is most appropriately addressed first by the BOP in the administrative process. Petitioner has not provided a basis for excusing his failure to exhaust in this case, and the Court therefore dismisses the petition on that basis.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus under 28 U.S.C. § 2241 is hereby **dismissed**.

IT IS SO ORDERED.

Dated this 14th day of January, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

---

with that name in this district. Petitioner also includes two case citations to support his statement that federal courts recognize a systemic pattern of BOP noncompliance, but one cited case contains no such statement by the court (rather the court merely rejected a BOP statutory interpretation), *see Hare v. Ortiz*, 2021 WL 391280 (D.N.J. Feb. 4, 2021), and the other Westlaw citation is to a non-habeas case that does not match the given case name.